IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARBIN ALEXANDER VASQUEZ-NUNEZ, | § § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-01622-N (BT) |
| | § | |
| ICE ERO DALLAS FIELD OFFICE DIRECTOR, | § § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Immigration detainee Marbin Alexander Vasquez-Nunez filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He alleges that Immigration and Customs Enforcement (ICE) is unlawfully holding him without a bond pending his removal from the United States "despite strong humanitarian factors," including his son's medical conditions. Doc. 3 at 6.

Shortly after Petitioner filed his habeas petition, his wife, Veronica Rodriguez Vasquez, filed an "emergency motion for expedited consideration and temporary stay of removal" on his behalf as his purported "next friend." Doc. 6. For the following reasons, the Court will **DENY** the motion for expedited consideration and stay of removal without prejudice.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. A petition for a writ of habeas corpus must be in writing, "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Courts do not automatically grant "next friend" status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Rather,

1

> [t]o represent a party as "next friend" in a habeas action, the party must (1) give an adequate explanation why the real party in interest cannot pursue the action in his own behalf, (2) establish that there is a true dedication to the best interest of the real party in interest, and (3) show a significant relationship with the real party in interest.

*Thorpe v. Eavenson*, 2007 WL 4355441, at *2 (N.D. Tex. Dec. 11, 2007) (accepting recommendation, citing *Whitmore*, 495 U.S. at 163-64). The next friend has the burden to clearly "establish the propriety of his status" so as to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Here, there is no sign that Veronica Rodriguez Vasquez is licensed to practice law, and she has not established the propriety of "next friend" status under § 2242. She may not represent Petitioner in this action or file motions on his behalf. Accordingly, the Court will **DENY WITHOUT PREJUDICE** Petitioner's motion for expedited consideration and a temporary stay of removal (Doc. 6). *See, e.g.*, *McPhail v. Lynchard*, 2024 WL 3572932, at *2 (N.D. Miss. July 24, 2024) ("Thus, the instant motion must be denied because Ronald Palmer has not established a significant relationship with the Plaintiff in order to be appointed as next friend, and Plaintiff may not be represented by a non-attorney).

Petitioner can refile the motion in his own name, or Vasquez can refile the motion after establishing next friend status. To establish next friend status, Vasquez must file a motion that (1) explains why Petitioner cannot prosecute this case on his own at this time; (2) establishes that she is truly dedicated to the best interests of Petitioner; and (3) shows a significant relationship with Petitioner.

Petitioner's habeas petition remains pending.

SO ORDERED this 27th day of May, 2026.

DAVID C. GODBEY
UNTIED STATES DISTICT JUDGE